NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KOLE AKINOLA, | : | Hon. Anne E. Thompson |
| Petitioner, | : | Civil Action No. 08-4141 (AET) |
| v. | : |  |
| WARDEN, etc., et al., | : | **O P I N I O N** |
| Respondents. | : |  |

**APPEARANCES**:

    KOLE AKINOLA, #J2008822578
    Essex County Correctional Facility
    354 Doremus Avenue
    Newark, New Jersey 07105
    Petitioner Pro Se

    PATRICIA S. TOREKI, Assistant Prosecutor
    OCEAN COUNTY PROSECUTOR
    P.O. Box 2191
    Toms River, New Jersey 08754
    Attorneys for Respondents

**THOMPSON**, District Judge

    Kole Akinola ("Petitioner") filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging a judgment of conviction entered in the Superior Court of New Jersey, Ocean County, on March 7, 2003, and amended on September 2, 2003, and May 6, 2005, after he pleaded guilty to third-degree theft by deception. Respondents filed an Answer seeking dismissal of the Petition for lack of "in custody" jurisdiction and on the merits. Petitioner filed a Reply. For the reasons expressed below, this Court will dismiss the Petition on the merits, with prejudice, and deny a certificate of appealability.

## I. BACKGROUND

On June 15, 2000, a grand jury for the County of Ocean indicted Petitioner for the crimes of fourth-degree forgery (count one), third-degree theft by deception (count two), fourth-degree forgery (count three), third-degree attempted theft by deception (count four), and fourth-degree providing false information (count nine). The Law Division Judge denied Petitioner's motion to dismiss the indictment on double jeopardy grounds on November 15, 2002. On January 21, 2003, Petitioner pleaded guilty to theft by deception (count two) and attempted theft by deception (count four). On March 7, 2003, the Law Division sentenced Petitioner to concurrent terms of four years on each count, which were to also run concurrent with the 10-year sentence imposed in Essex County Indictment 99-07-2621, which Petitioner was serving. Petitioner thereafter filed a motion for additional gap time credit. On September 2, 2003, the Law Division filed an amended judgment of conviction granting Petitioner 178 days of gap time credit. Petitioner also filed a motion to vacate the guilty plea which the Law Division denied on January 30, 2004.

Petitioner appealed. In an opinion filed March 17, 2005, the Appellate Division of the New Jersey Superior Court rejected the double jeopardy N.J. STAT. ANN. § 2C:1-11 claims on the ground that the state and federal prosecutions cannot be deemed to involve the same conduct, but remanded the motion to withdraw the plea.[1] See State v. Akinola, Docket No. A-6110-02T4 slip op. (N.J. Super. Ct., App. Div., Mar. 17, 2005). On September 12, 2005, the New Jersey Supreme Court denied certification. See State v. Akinola, 185 N.J. 266 (2005) (table).

On May 6, 2005, on remand, the Law Division granted the state's motion to vacate the judgment of conviction on count four, dismissed count four of the indictment, and entered a new

---

[1] On May 31, 2005, the Appellate Division denied Petitioner's motion for reconsideration.

judgment of conviction reflecting Petitioner's conviction on count two only; the amended judgment imposed a four-year term of imprisonment on count two, to run concurrent to the 10-year Essex County sentence. By order filed July 12, 2005, and without conducting an evidentiary hearing, the Law Division denied Petitioner's motion to withdraw his guilty plea to count two because there was no merger. Petitioner appealed. In an opinion filed July 27, 2007, the Appellate Division affirmed the order denying the motion to withdraw the plea. See State v. Akinola, Docket No. A-0447-05T4, 2007 WL 2141413 (N.J. Super. Ct., App. Div., July 27, 2007). On September 24, 2007, the Appellate Division denied Petitioner's motion for reconsideration. On May 6, 2008, the New Jersey Supreme Court denied certification. See State v. Akinola, 195 N.J. 518 (2008) (table).

Petitioner executed the § 2254 Petition presently before this Court on August 11, 2008. The Clerk received it on August 14, 2008.[2] The Petition raises the following grounds:

> Ground One: THE TRIAL COURT'S FAILURE TO RESOLVE
> OR EXPLAIN THE MERGER ISSUE PRIOR TO ACCEPTING
> MY GUILTY PLEAS RENDERED THE PLEAS UNKNOWING,
> UNINTELLIGENT AND INVOLUNTARY BECAUSE I NOTED
> ON THE RECORD THAT I WAS PARTICULARLY
> CONCERNED ABOUT MERGER IN MY DECISION TO
> PLEAD GUILTY. MY EXPECTATION OF MORE JAIL
> CREDITS ALSO INFLUENCED MY DECISION AND THE
> DENIAL THEREOF RENDERED THE PLEAS INVOLUNTARY
> AND UNKNOWING. I DID NOT SIGN THE PLEA FORM
> AND THEREFORE DID NOT COMMIT TO THE PLEA
> AGREEMENT BECAUSE MY REASONABLE
> EXPECTATIONS HAD NOT BEEN CONFIRMED AND WERE
> ULTIMATELY NOT MET. HENCE, THE PLEA AGREEMENT
> IS LEGALLY NOT ENFORCEABLE. THE COURT AND

---

[2] Because mail sent to Petitioner at the address he provided to the Clerk was returned to the Clerk as undeliverable, on October 6, 2008, this Court administratively terminated the case. Upon Petitioner's notice to the Clerk of a change of address, this Court reopened the case and directed Respondents to file an answer.

3

> STATE'S REMEDY TO UNILATERALLY DISMISS ONE OF
> THE PLEAS ALMOST TWO AND A HALF YEARS AFTER ITS
> ENTRY, RATHER THAN HOLD AN EVIDENTIARY
> HEARING, IS A VIOLATION OF MY CONSTITUTIONAL
> RIGHTS TO DUE PROCESS AND A FAIR TRIAL.
>
> Ground Two:   I WAS DENIED MY CONSTITUTIONAL RIGHT
> TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW
> WHEN THE STATE COURTS REFUSED TO APPLY N.J.S.A.
> 2C:1-11 AS BARRING THE SUBSEQUENT OCEAN COUNTY
> PROSECUTION FOR FORGERY, THEFT BY DECEPTION
> AND RECEIVING STOLEN PROPERTY AFTER I HAD BEEN
> CONVICTED IN FEDERAL COURT FOR CONSPIRACY AND
> BANK FRAUD INVOLVING THE EXACT SAME CONDUCT
> AND IDENTICAL FACTS.

(Pet. Grounds One, Two at pp. 5, 12-13.)

Respondents filed an Answer and the record, arguing that the Petition should be dismissed for lack of subject matter jurisdiction because Petitioner is not "in custody" and on the merits. Petitioner filed a Reply in response to the Answer.

## II.  JURISDICTION

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition as follows:

> [A] district court shall entertain an application for a writ of habeas
> corpus in behalf of a person in custody pursuant to the judgment of
> a State court only on the ground that he is in custody in violation of
> the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

To invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements:  the status requirement that the person be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is in violation of the Constitution or laws or treaties of the United States.  See Maleng v. Cook,

490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001). The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng, 490 U.S. at 490-91; see also Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("Spencer was incarcerated by reason of the parole revocation at the time the petition was filed, which is all the 'in custody' provision of 28 U.S.C. § 2254 requires"); Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004). The threshold question in this case is whether Petitioner satisfies the "in custody" requirement under § 2254(a) with respect to the Ocean County judgment of conviction where he had completed serving the four-year sentence imposed on that conviction at the time he filed the § 2254 Petition challenging that conviction.

A district court has jurisdiction under § 2254 to entertain a habeas petition attacking a future sentence of imprisonment imposed by the same sovereign that will not begin until completion of a current sentence. See Peyton v. Rowe, 391 U.S. 54 (1968). In Peyton, the Court held that a prisoner is in custody in violation of the Constitution "if any consecutive sentence [the prisoner is] scheduled to serve was imposed as the result of a deprivation of constitutional rights." Id. at 64-65.[3] In Garlotte v. Fordice, 515 U.S. 39, 41 (1995), the Court "h[e]ld that [a prisoner] remains 'in custody' under all of his sentences until all are served, and now may attack the conviction underlying the sentence scheduled to run first in the series." Id. The Court reasoned that, although the prisoner is attacking the conviction underlying a sentence already served, for the purposes of habeas relief, "we do not disaggregate [a prisoner's] sentences, but

---

[3] In Maleng v. Cook, 490 U.S. 488 (1989), the Supreme Court held that a § 2254 petitioner could challenge sentences imposed upon him by the State of Washington, even though he was in federal prison serving a federal sentence, because Washington State had lodged a detainer seeking future custody upon completion of the federal sentence.

5

comprehend them as composing a continuous stream." Id.  See also DeFoy v. McCullough, 393 F. 3d 439 (3d Cir. 2005).

In this case, on August 11, 2008, when Petitioner handed the Petition to prison officials for mailing to this Court, Petitioner was "in custody" of the State of New Jersey serving the 10-year Essex County sentence which ran concurrently with the four-year sentence at issue in this Petition.  Under the holding of Garlotte v. Fordice, at the time Petitioner filed the instant Petition, he was "in custody" on the four-year Ocean County sentence and this Court has subject matter jurisdiction over the Petition.  See Garlotte, 515 U.S. at 41; Spencer, 523 U.S. at 7.  Nor did the Petition become moot on August 25, 2008, when New Jersey released Petitioner on parole from his 10-year Essex County sentence because a wrongful conviction has continuing collateral consequences.  See Spencer, 523 U.S. at 8; Evitts v. Lucey, 469 U.S. 387 (1985); Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968).  Because Petitioner was "in custody" on the Ocean County conviction at the time he filed the Petition and Petitioner's release on parole has not rendered the challenge to the Ocean County conviction moot, this Court has jurisdiction to entertain the Petition.

### III.  STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), limits a federal court's authority to grant habeas relief when a state court has adjudicated petitioner's federal claim on the merits.  See 28 U.S.C. § 2254(d).  Where a federal claim was "adjudicated on the merits" in state court proceedings, the writ must be denied unless adjudication of the claim either involved an unreasonable application of clearly established

federal law, or was based on unreasonable determination of the facts in light of the evidence before the state court.  See 28 U.S.C. § 2254(d).  Specifically, § 2254(d) provides:

> (d) An application for a writ of habeas corpus . . . shall not be granted with respect to any claim that was adjudicated on the merits in State Court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"A state court decision is an 'adjudication on the merits,' reviewed under the deferential standard of § 2254(d), where it is 'a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground.'"  Simmons v. Beard, 581 F. 3d 158, 166 (3d Cir. 2009) (quoting Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004), rev'd on other grounds sub nom. Rompilla v. Beard, 545 U.S. 374 (2005) (internal quotation marks and citation omitted)); see also Rolan v. Vaughn, 445 F. 3d 671, 678 (3d Cir. 2006).  A state court may render an adjudication on the merits of a federal claim by rejecting the claim without any discussion whatsoever.  See Rompilla, 355 F.3d at 247. On the other hand, "[i]f the petitioner's legal claims were presented but not addressed by the state courts, 28 U.S.C. § 2254(d) does not apply, and federal courts undertake a de novo review of the claim."  Rolan, 445 F. 3d at 678.

As the New Jersey courts adjudicated petitioner's claims on the merits, this Court may not grant relief unless either § 2254(d)(1) or § 2254(d)(2) is satisfied.  See 28 U.S.C. § 2254(d).

7

Accordingly, this Court may not grant habeas relief to petitioner unless the adjudication of a federal claim by the New Jersey courts involved an unreasonable application of clearly established Supreme Court law, see 28 U.S.C. § 2254(d)(1), or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding and petitioner is in custody in violation of the Constitution or laws or treaties of the United States, see 28 U.S.C. §§ 2254(a), (d)(2).

A court begins the analysis under § 2254(d)(1) by determining the relevant law clearly established by the Supreme Court. See Yarborough v. Alvarado, 541 U.S. 652, 660 (2004). Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412; see also Carey v. Musladin, 549 U.S. 70, 74 (2006) ("federal habeas relief may be granted here if the California Court of Appeal's decision was contrary to or involved an unreasonable application of this Court's applicable holdings"). A court must look for "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71, 72 (2003).

A decision is "contrary to" a Supreme Court holding within 28 U.S.C. § 2254(d)(1), if the state court "contradicts the governing law set forth in [the Supreme Court's] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). See also Thomas v. Carroll, 581 F. 3d 118, 124 (3d Cir. 2009) (State court's determination was not contrary to federal law, as required for habeas relief, where Supreme Court never faced the precise issue presented in the case). Under the "'unreasonable application'

clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.[4] Whether a state court's application of federal law is "unreasonable" must be judged objectively; an application may be incorrect, but still not unreasonable.[5] Id. at 409-10; see also Thomas v. Varner, 428 F. 3d 491, 497 (3d Cir. 2005). "[T]his Court has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court." See Knowles v. Mirzayance, 129 S. Ct. 1411, 1419 (2009). Moreover, "a court that unreasonably extends a rule in a new context or, in the alternative, unreasonably fails to extend a rule may also be deemed to unreasonably apply the correct rule." Thomas, 581 F. 3d at 124-25 (quoting Fischetti v. Johnson, 384 F. 3d 140, 148 (3d Cir. 2004)).

---

[4] See also Wright v. Van Patten, 552 U.S. 120, __, 128 S. Ct. 743, 747 (2008) ("Because our cases give no clear answer to the question presented, let alone one in [petitioner's] favor, it cannot be said that the state court unreasonabl[y] appli[ed] clearly established Federal law") (citation and internal quotation marks omitted).

[5] "[D]ecisions of federal courts below the level of the United States Supreme Court may be helpful to [a court] in ascertaining the reasonableness of state courts' application of clearly established United States Supreme Court precedent, as well as helpful amplifications of that precedent." Marshall v. Hendricks, 307 F.3d 36, 71 n.24 (3d Cir. 2002) (citations and internal quotation marks omitted).

## IV.  DISCUSSION

A.  Guilty Plea

In Ground One, Petitioner asserts that the failure to vacate his guilty plea to count two violates due process and that the dismissal of count four violates due process:

> Ground One: THE TRIAL COURT'S FAILURE TO RESOLVE OR EXPLAIN THE MERGER ISSUE PRIOR TO ACCEPTING MY GUILTY PLEAS RENDERED THE PLEAS UNKNOWING, UNINTELLIGENT AND INVOLUNTARY BECAUSE I NOTED ON THE RECORD THAT I WAS PARTICULARLY CONCERNED ABOUT MERGER IN MY DECISION TO PLEAD GUILTY.  MY EXPECTATION OF MORE JAIL CREDITS ALSO INFLUENCED MY DECISION AND THE DENIAL THEREOF RENDERED THE PLEAS INVOLUNTARY AND UNKNOWING.  I DID NOT SIGN THE PLEA FORM AND THEREFORE DID NOT COMMIT TO THE PLEA AGREEMENT BECAUSE MY REASONABLE EXPECTATIONS HAD NOT BEEN CONFIRMED AND WERE ULTIMATELY NOT MET.  HENCE, THE PLEA AGREEMENT IS LEGALLY NOT ENFORCEABLE.  THE COURT AND STATE'S REMEDY TO UNILATERALLY DISMISS ONE OF THE PLEAS ALMOST TWO AND A HALF YEARS AFTER ITS ENTRY, RATHER THAN HOLD AN EVIDENTIARY HEARING, IS A VIOLATION OF MY CONSTITUTIONAL RIGHTS TO DUE PROCESS AND A FAIR TRIAL.

(Pet. at p. 5.)

As factual support, Petitioner asserts in relevant part:

> Despite my continual motions to withdraw the guilty pleas since I received inadequate credits and was never informed how or if merger would apply to my case, and despite the Appellate Division's Order that the trial court conduct an evidentiary hearing as to whether these omissions were material and affected the integrity of the plea, I still stand in the same posture I was prior to the first motion.  There has been no inquiry as to whether these gross omissions affected my decision to waive important constitutional rights and plead guilty or whether the omissions rendered the pleas constitutionally defective.  By not understanding

> the doctrine of merger or whether it would apply <u>at</u> <u>the</u> <u>time</u> <u>I</u> <u>pled</u> <u>guilty</u>, the pleas cannot be said to be voluntary and knowing.
>
>      *      *      *
>
> . . . When the matter was remanded to ascertain whether petitioner "was entitled to withdraw his plea because it was not intelligently or knowingly entered in light of his reasonable expectations and those expectations were material to his decision to plead guilty," this hearing never came to pass. Slip Op. at 7-8. The State simply dismissed count four in an attempt to moot the merger issue . . . . The State and trial court's remedy on remand does not cure the injustice I suffer from an unknowing and involuntary plea . . . . On November 19, 2004, almost two years after I pled guilty and about six months before the remand hearing, I was interviewed by the Parole Board, denied parole, and given a twenty-three month future eligibility term . . . . The Board cited as one of its reasons for its decision, '[p]resently incarcerated for multi crime conviction."

(Pet. Ground One, Factual Support.)

Petitioner presented his challenge to the guilty plea to the Appellate Division on direct appeal from the post-judgment motion to withdraw the plea. The Appellate Division ruled:

> Defendant's post-judgment motion to withdraw his guilty plea was addressed to both the merger and credit issues . . . . [T]he motion , as we understand it, was . . . that defendant expected that the sentences to which he pled guilty would merge and that he would be receiving additional gap credits to reduce the time to be served on the sentences imposed for the theft and attempted theft. Moreover, while the sentences were made concurrent to the other sentence already being served, and the judge was correct that no more time may be served than had the concurrent sentences been merged, separate penalties were imposed as a result of the lack of merger, and the number of convictions could affect the decision of the Parole Board as to defendant's parole . . . . Accordingly, defendant was entitled to an evidentiary hearing on the assertion that he was entitled to withdraw his plea because it was not intelligently or knowingly entered in light of his reasonable expectations and that those expectations were material to his decision to plead guilty . . .

11

>Defendant's four year concurrent sentences were imposed on March 7, 2003, and on October 10, 2003, while this appeal was already pending, his motion to amend the judgment for additional credits was granted.  He was awarded gap time credits from September 10, 2001 to March 6, 2003.  Accordingly, defendant may decide not to seek to withdraw his plea because that would require the resurrection of all charges.

State v. Akinola, Docket No. A-6110-02T4 slip op. at pp. 7-8 (N.J. Super. Ct., App. Div., Mar. 17, 2005) (footnote omitted).

The following colloquy regarding Petitioner's motion to vacate the guilty plea occurred before the Law Division on remand:

>MR. WALSH [defense counsel]: After discussions – detailed discussions with Mr. Akinola, he informs me that he wishes to go forward with the withdrawal of the plea and, to the extent an evidentiary hearing is necessary on that score, I request sufficient time to prepare for it because I was not the original counsel for Mr. Akinola.
>
>THE COURT: All right.  So as I understand it, he wishes to withdraw the plea because the opinion in the Appellate Division, as well as his pro se application, indicates he thought that one count would merge with the other and was misled thereby . . . .  And, Mr. Hodgson, what's the State's position with regard to this?
>
>MR. HODGSON: Your Honor, the State has an application at this time.  It's my understanding, based on the opinion and the comments by Mr. Walsh, that Mr. Akinola's misunderstanding at the plea was with regard to merger.  And the State's position is that if we could remedy that, the State's application, at this time, would be dismiss Count 4 of the indictment, which would only leave Count 2.  He pled guilty to Count 2.  There would be no issue as with regard to merger and maybe that would . . . resolve this matter.
>
>THE COURT: And the sentence would, in all effect . . . be the same as what it was?
>
>MR. HODGSON: Yes, sir.

12

> THE COURT: All right. Well, then the . . . Court will grant the State's application and dismiss Count 4 of the indictment in question, leaving Count . . . 2, I should say, the sentence on that being four years in the custody of the Commissioner of Corrections, concurrent with his present sentence. The VCCB would be reduced to $50, the Safe Neighborhood Fund would be reduced to $75 and, in all other purposes and intents, the judgment will remain the same . . . .
>
> MR. AKINOLA: Well, my issue wasn't just with merger; it was also with jail credit situation that I have problems with. And that was also noted in the Appellate Division's opinion.
>
> THE COURT: Right. And the Appellate Division noted that the Court corrected your jail issue, jail credit issue and it was taken care of.
>
> MR. AKINOLA: But it wasn't taken care of to the extent that I had requested . . . .
>
> THE COURT: Well, as I read the Appellate Division opinion, all other issues were resolved to the satisfaction of the Appellate Division except they thought that I should hear about the merger. The merger's taken care of so that's basically it. It's done. You'll be remanded to your sentence of four years, concurrent with your present sentence.

State v. Akinola, Indictment No. 00-06-0757 transcript at pp. 4-7 (N.J. Super. Ct., Law Div., May 6, 2005).

The Law Division judge amended the judgment of conviction to reflect conviction on count two and the dismissal of all other counts in the indictment against Petitioner. Thereafter, the Law Division entered an order denying Petitioner's motion to withdraw the guilty plea.

Petitioner appealed again, and the Appellate Division affirmed the Law Division:

> [Akinola] moved to set aside his guilty plea, arguing that he expected that the two convictions would be merged at the time of sentencing. The trial court denied the motion. On direct appeal, we remanded for the trial court to conduct an evidentiary hearing to determine whether defendant should be permitted to withdraw his

13

> guilty plea, because there is a material difference between a merger of offenses, and receiving two concurrent terms. State v. Kole Akinola, No. A-6110-02 (App. Div. March 17, 2005).
>
> On remand, prior to the commencement of the evidentiary hearing, the trial court granted the State's motion to dismiss the conviction for attempted theft by deception, N.J.S.A. 2C:51a(7) and N.J.S.A. 2C:20-4. The court thereafter re-sentenced defendant on the remaining theft by deception, N.J.S.A. 2C:20-4, imposing the original four-year term.
>
> Defendant now appeals . . .
>
> Defendant's argument lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). The dismissal of the attempted theft by deception conviction renders the issue of the evidentiary hearing moot.

State v. Akinola, 2007 WL 2141413 at *2-*3 (N.J. Super. Ct., App. Div., July 27, 2007).

Petitioner now argues in Ground One that the failure to vacate his guilty plea to count two violates his constitutional rights because (1) counsel failed to advise him prior to the plea that counts two and four would not merge, and (2) counsel incorrectly advised him that he would receive 652 days of jail credits, rather than 522 days. In Boykin v. Alabama, 395 U.S. 238 (1969), the Supreme Court ruled that, [i]f . . . convictions [obtained after a guilty plea] are to be insulated from attack, the trial court is best advised to conduct an on the record examination of the defendant which should include, inter alia, an attempt to satisfy itself that the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentences." Id. at 244 n.7. However, in Tollett v. Henderson, 311 U.S. 258 (1973), the Court held a defendant who pleads guilty upon the advice of counsel "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the [appropriate]

14

standards." Tollett, 311 U.S. at 268. In Hill v. Lockhart, 474 U.S. 52 (1985), the Supreme Court ruled that the voluntariness of a guilty plea depends on the adequacy of counsel's legal advice, and that the two-part Strickland v. Washington, 466 U.S. 668 (1984), standard governs a claim of ineffective assistance of counsel arising out of the plea process. Under the Strickland standard, a defendant must "show that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88. "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. The court must then determine whether, in light of all the circumstances at the time, the identified errors were so serious that they were outside the wide range of professionally competent assistance. Id. In McMann v. Richardson, 397 U.S. 759, 771 (1970), the Supreme Court described the question of ineffectiveness of counsel in plea situations as not whether "counsel's advice [was] right or wrong, but . . . whether that advice was within the range of competence demanded of attorneys in criminal cases." Thus, to establish ineffective assistance, the petitioner must "demonstrate gross error on the part of counsel . . ." Id. at 772.

     Under Strickland, as modified by Hill v. Lockhart, the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

     In this case, Petitioner claims that the failure to vacate his guilty plea to count two violates his constitutional rights because (1) counsel failed to advise him prior to the plea that

15

counts two and four would not merge, and (2) counsel incorrectly advised him that he would receive 652 days of jail credits, rather than 522 days.[6] To prevail on either claim, Petitioner must "demonstrate gross error on the part of counsel," McMann, 397 U.S. at 772, and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial," Hill, 474 U.S. at 59.

As to the merger issue, it is clear that, given the dismissal of count four, Petitioner suffered no prejudice from counsel's failure to advise him that counts two and four were not going to merge. Even if counsel had correctly advised Petitioner that counts two and four would not merge and Petitioner had decided that he would not enter a guilty plea to counts two and four in the absence of merger, the state's dismissal of count four neutralized merger as a deal-breaker. Thus, Petitioner could not establish prejudice.

Although it was not articulated by the Appellate Division, in rejecting Petitioner's gap time challenge to the plea, the court implicitly found that, although counsel's advice regarding the precise number of gap time credits Petitioner was entitled to receive was wrong, that advice was within the range of competence demanded of attorneys in criminal cases and did not demonstrate gross error on the part of counsel. See McMann, 397 U.S. at 772 (the question of ineffectiveness of counsel in plea situations as not whether "counsel's advice [was] right or wrong, but . . . whether that advice was within the range of competence demanded of attorneys in criminal cases"). Alternatively, the Appellate Division may have rejected the claim because

---

[6] Petitioner also argues that the plea was unconstitutional because he did not sign the plea form. This claim has no merit and is refuted by the transcript of the plea hearing, which shows that the judge showed Petitioner the plea form and asked Petitioner if his signature was on the form, and Petitioner answered, "Yes, Your Honor." State v. Akinola, Ind. No. 00-06-0757 transcript, p. 4 (N.J. Super. Ct., Law Div., Jan. 21, 2003).

16

Petitioner had not shown "that there is a reasonable probability that, but for counsel's error [regarding the number of gap time days, Petitioner] would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. Because neither determination is contrary to, or an unreasonable application of, Supreme Court precedent, Petitioner is not entitled to habeas relief on Ground One.[7]

Petitioner also argues in Ground One that the dismissal of count four of the indictment violated his right to due process. This claim is without merit because the Due Process Clause does not prohibit a prosecutor from voluntarily dismissing a count in an indictment. Habeas relief is not warranted on this due process claim because Petitioner has not shown that the rejection of this claim by the New Jersey courts was contrary to, or an unreasonable application of Supreme Court precedent.

---

[7] Compare United States v. Peppers, 273 Fed. Appx. 155, 159 (3d Cir. 2008) (counsel was not constitutionally ineffective in plea process where Peppers failed to assert prejudice and "has made no contention that he would not have entered his plea and would have insisted on going to trial if his counsel had advised him that the ACCA arguably may not have applied"); Powell v. Meyers, 214 Fed. Appx. 197, 200 (3d Cir. 2007) (§ 2254 petitioner's claim that plea counsel was constitutionally ineffective in failing to advise him that his back-time sentence could not be served concurrently with his instant sentence fails to establish prejudice where petitioner does not assert that he would have insisted on going to trial had he known that it was legally impossible for his back-time sentence to be served concurrently); United States v. Kauffman, 109 F. 3d 186, 191 (3d Cir. 1997) (defendant alleging ineffective assistance in guilty plea context needs to present evidence "sufficient to undermine our confidence that [the attorney] would have advised his client to plead guilty rather than proceed to trial and that [the defendant] would have accepted that advice") with Jamison v. Klem, 544 F. 3d 266 (3d Cir. 2008) (state court decision rejecting Jamison's challenge to validity of his guilty plea based on counsel's failure to advise him that his guilty plea subjected him to a five-year mandatory minimum sentence was an unreasonable application of Boykin v. Alabama, 395 U.S. 238 (1969), which requires that an accused be aware of the direct consequences of a guilty plea, where Jamison testified that he would not have entered a guilty plea if he had known that he would have to serve at least five years in prison).

B.  Double Jeopardy and N.J. Stat. Ann. § 2C:1-11

In Ground Two, Petitioner asserts: "I WAS DENIED MY CONSTITUTIONAL RIGHT TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW WHEN THE STATE COURTS REFUSED TO APPLY N.J.S.A. 2C:1-11 AS BARRING THE SUBSEQUENT OCEAN COUNTY PROSECUTION FOR FORGERY, THEFT BY DECEPTION AND RECEIVING STOLEN PROPERTY AFTER I HAD BEEN CONVICTED IN FEDERAL COURT FOR CONSPIRACY AND BANK FRAUD INVOLVING THE EXACT SAME CONDUCT AND IDENTICAL FACTS."  (Pet. Ground Two at pp. 12-13.)  The government argues that this Court lacks jurisdiction over the claim because it presents a question of state law.

The relevant New Jersey statute provides:

> When conduct constitutes an offense within the concurrent jurisdiction of this State and of the United States, a prosecution in the District Court of the United States is a bar to a subsequent prosecution in this State under the following circumstances:
>
> a. The first prosecution resulted in an acquittal or in a conviction, or in an improper termination as defined in section 2C:1-9 and the subsequent prosecution is based on the same conduct, unless (1) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil or (2) the offense for which the defendant is subsequently prosecuted is intended to prevent a substantially more serious harm or evil than the offense of which he was formerly convicted or acquitted or (3) the second offense was not consummated when the former trial began; or
>
> b. The former prosecution was terminated, after the information was filed or the indictment found, by an acquittal or by a final order or judgment for the defendant which has not been set aside, reversed or vacated and which acquittal, final order or judgment necessarily required a determination inconsistent with a fact which

>must be established for conviction of the offense of which the
>defendant is subsequently prosecuted.

N.J. STAT. ANN. § 2C:1-11.

Respondents correctly contend that "a state court's misapplication of its own law does not generally raise a constitutional claim." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citations and internal quotation marks omitted); see also Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985). It is well settled that "errors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997). Moreover, Petitioner cites no Supreme Court precedent holding that violation of a double jeopardy type statute of this nature constitutes a violation of due process. Even if violation of N.J. STAT. ANN. § 2C:1-11 were to constitute a violation of due process contrary to the Fourteenth Amendment, Petitioner would not be entitled to habeas relief because this statute does not bar Petitioner's New Jersey prosecution. Petitioner was convicted in this Court of one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 371. See United States v. Akinola, Crim. No. 02-0013 (DRD) judgment (D.N.J. filed Apr. 8, 2002). Under New Jersey law, a federal conspiracy conviction does not trigger N.J. STAT. ANN. § 2C:1-11 to bar a New Jersey prosecution on the substantive, underlying offense. See State v. Jones, 287 N.J. Super. 478, 490-91 (App. Div. 1996). Based on the foregoing, Petitioner is not entitled to habeas relief on Ground Two.

C. Certificate of Appealability

This Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition and denies a certificate of appealability.

           s/ Anne E. Thompson
          **ANNE E. THOMPSON, U.S.D.J.**

Dated: November 25th, 2009